J-S28028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT WADE SMITH | |
| Appellant | No. 1494 WDA 2016 |

Appeal from the PCRA Order September 1, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0002234-2008

BEFORE:  OLSON, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED AUGUST 18, 2017**

Scott Wade Smith appeals, *pro se*, from the September 1, 2016 order of the Westmoreland County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-46.  We affirm.

On December 17, 2009, Smith entered a guilty plea to one count of involuntary deviate sexual intercourse with a child, 18 Pa.C.S. § 3123(b). On March 5, 2010, the trial court sentenced Smith to 10 to 30 years in prison.  Smith did not file a direct appeal.

On October 22, 2010, Smith filed a timely PCRA petition, which the PCRA court denied on February 23, 2011.  On August 15, 2016, Smith filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

the instant PCRA petition, his second. On September 1, 2016, the PCRA court dismissed the petition as untimely, noting also that the issues in Smith's petition were either waived or previously litigated.

Smith filed a *pro se* notice of appeal on September 28, 2016. On October 3, 2016, the PCRA court ordered Smith to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal within 21 days. Smith did not file a timely Rule 1925(b) statement.

On November 3, 2016, the PCRA court issued an order stating that: (1) Smith waived all issues on appeal for failing to file a timely Rule 1925(b) statement; and (2) the PCRA court was unable to author a Rule 1925(a) opinion due to the absence of a Rule 1925(b) statement.

On November 16, 2016, Smith filed with the PCRA court a *pro se* motion for extension of time to file a Rule 1925(b) statement. In his motion, Smith averred that when he received the PCRA court's Rule 1925(b) order, he erroneously believed that the "statement" referenced in the order was the criminal docketing statement, which he timely filed with this Court. Smith attached to his motion a Rule 1925(b) statement listing the four issues he wished to raise on appeal and asked the PCRA court to accept the untimely statement. The PCRA court did not rule on the motion, presumably because the matter was already on appeal to this Court, thereby depriving the PCRA court of jurisdiction.

On appeal, Smith raises four issues relating to the merits of his second PCRA petition. **See** Smith's Br. at 4-5. Because we conclude that Smith's PCRA petition is time-barred, however, we may not consider his claims.[1]

The timeliness of a PCRA petition is a jurisdictional requisite. **See Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A petitioner must file a PCRA petition, including a second or subsequent petition, within one year of the date his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, Smith did not file a direct appeal, so his judgment of sentence became final 30 days after its entry, on April 5, 2010. **See** 42 Pa.C.S. § 9545(b)(3). Smith had one year from that date, or until April 5, 2011, to file a timely PCRA petition. Thus, the instant PCRA petition, filed on August 15, 2016, was facially untimely.

To overcome the time bar, Smith was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government

_____

[1] The Commonwealth contends, and the PCRA court found, that Smith's claims are waived for his failure to file a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained of on appeal. We disagree. Our Court has stated that "[i]f the [trial court] docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that [his] issues have been waived for failure to file a Rule 1925(b) statement." **In re L.M.**, 923 A.2d 505, 510 (Pa.Super. 2007). Whether the appellant actually received notice is irrelevant if "the docket does not reflect that notice was sent." **Id.** Here, the PCRA court docket does not reflect that the clerk of courts mailed notice of the Rule 1925(b) order to Smith. Therefore, we will not find waiver on that basis. **See id.**

officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Smith must have filed his petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2). In his PCRA petition, however, Smith failed to plead or prove any of the exceptions to the one-year time bar. Therefore, the PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017